```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   NORTHERN DIVISION


LATOYA ALLEN,                       :
                                    :
     Plaintiff,                     :
                                    :
vs.                                 :
                                    :     CIVIL ACTION 15-0399-M
CAROLYN W. COLVIN,                  :
Social Security Commissioner,       :
                                    :
     Defendant.                     :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling denying a claim for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 14). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order judgment in accordance with 28 U.S.C. § 636(c), Fed.R.Civ.P. 73, and S.D.Ala. Gen.L.R. 73(b) (*see* Doc. 19). Oral argument was waived in this action (Doc. 20). After considering the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further administrative proceedings not inconsistent with the Orders of this Court.

1

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was twenty-six years old, had completed high school and some college education (Tr. 136), and had previous work experience as a cashier and a sewing machine operator (Tr. 149).  Allen alleges disability due to scoliosis, neck pain, chronic pain, nerves, and tingling/numbness in her upper extremities (Doc. 13).

The Plaintiff applied for disability benefits and SSI on May 18, 2012, alleging a disability onset date of April 22, 2012 (Tr. 105, 252-59).  An Administrative Law Judge (ALJ) denied benefits, determining that, although she could not return to her previous work, there were light and sedentary jobs that Allen could perform (Tr. 105-15).  Plaintiff requested review of the hearing decision (Tr. 70-72), but the Appeals Council denied it (Tr. 1-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Allen alleges that:  (1) The ALJ's residual functional capacity (hereinafter *RFC*) is not supported by the evidence; and (2) the ALJ did not properly consider her pain (Doc. 14).  Defendant has responded to—and denies—these claims (Doc. 15).  The Court will address only Allen's first claim, *i.e.*, that the ALJ's RFC is not supported by the evidence.

On June 24, 2013, at the request of the Social Security Administration, Dr. R. Rex Harris examined Allen for complaints of pain in her neck and lower back (Tr. 504-05).  He noted full range of motion (hereinafter *ROM*) of the neck, shoulders, elbows, wrists, fingers, hips, knees, and ankles; grip was normal bilaterally.  Sensation was normal and reflexes were 2+ and equal in the upper and lower extremities; muscle groups were five out of five.  Lumbar flexion was 70°, extension was 15°, and lateral motion was 15°; there was negative straight leg raising bilaterally to 90°.  Gait was normal; Allen could toe and heel walk and squat and arise.  X-rays of the thoracic and lumbar spine revealed minimal curvature with well-preserved joint spaces; Harris opined that Plaintiff was capable of performing sedentary work.  The Doctor completed a physical capacities evaluation in which he indicated that Allen could lift and carry up to twenty pounds occasionally; she could sit,

3

stand, and walk, each, for twenty minutes at a time, but could sit four, stand three, and walk one hour, total, during an eight-hour day (Tr. 506-07).  Dr. Harris indicated that Allen could use both hands occasionally to reach, handle, finger, feel, and push or pull; Plaintiff could use both feet occasionally for operating foot controls (Tr. 508).  The Doctor further found Plaintiff could frequently climb stairs and ramps, could never climb ladders or scaffolds, and could occasionally balance, stoop, kneel, crouch, and crawl (Tr. 509).  On an occasional basis, Allen could work around moving mechanical parts, operate a motor vehicle, work around humidity and wetness, dust, odors, fumes and pulmonary irritants, extreme cold or heat, and vibrations; she could never work around unprotected heights (Tr. 510).  The Doctor found that Plaintiff could shop, walk a block on rough or uneven surfaces without assistance at a reasonable pace, use public transportation, climb a few steps, prepare and eat a simple meal, care for her personal hygiene, and sort, handle, and use paper/files (Tr. 511).  Harris consistently indicated that Allen's limitations were due to her back pain.

At the evidentiary hearing, Allen's Attorney posed a hypothetical question to the Vocational Expert (hereinafter *VE*) as follows:

> Q   Assume and [sic] individual is capable of sedentary work, but they can occasionally lift and carry 20 pounds, sit, stand or walk 20 minutes at a time, sit four hours total, stand three and walk one, can never climb ladders, ropes or scaffolds and could only occasionally reach, handle, finger, feel, push, pull foot controls, balance, stoop, kneel, or crawl, are there any jobs they could do in the nation or the region?
>
> A   No, sir.
>
> Q   What would be the main reason?
>
> A   The main reason that jumps out at me is the occasional reach, handle, finger, feel at the sedentary level.  For a worker of this background, they just could not do anything.

(Tr. 152-53).  Defendant concedes, in her brief, that the limits in the hypothetical question were those suggested by Dr. Harris (*see* Doc. 15, p. 4).

In his determination, the ALJ found that Plaintiff had the RFC to do the following:

> [p]erform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except the claimant can occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds.  She can sit/stand at will.  She can occasionally bend, balance, stoop, kneel, and crouch.  She can never climb ladders, ropes or scaffolds.  She can occasionally use her upper extremities and lower extremities for pushing and/or pulling movements.  She can frequently reach, handle, finger, and feel.  She should avoid concentrated exposure to extreme cold, extreme heat, wetness, and humidity.  She

5

>       should avoid concentrated exposure to
>       pulmonary irritants such as fumes, odors,
>       dust, and gases.  She should avoid all
>       exposure to unprotected heights, hazardous
>       machinery and uneven surfaces.  She would
>       have one unplanned absences a month.

(Tr. 108).

In his determination, after summarizing the medical evidence, the ALJ stated that he gave "substantial weight to Dr. Harris' assessment that the claimant [was] capable of sedentary work in the workplace. . . . His opinion is well supported by his own clinical examinations and testing [] and is generally consistent with the record as a whole" (Tr. 113).  This statement of weight was the only one made by the ALJ about the 274 pages of medical evidence in this record.

The Eleventh Circuit Court of Appeals has stated the following:

>       What is required is that the ALJ state
>       specifically the weight accorded to each
>       item of evidence and why he reached that
>       decision.  In the absence of such a
>       statement, it is impossible for a reviewing
>       court to determine whether the ultimate
>       decision on the merits of the claim is
>       rational and supported by substantial
>       evidence.  "Unless the Secretary has
>       analyzed all evidence and has sufficiently
>       explained the weight he has given to
>       obviously probative exhibits, to say that
>       his decision is supported by substantial
>       evidence approaches an abdication of the
>       court's 'duty to scrutinize the record as a
>       whole to determine whether the conclusions

6

>   reached are rational.'" *Stawls v. Califano*,
>   596 F.2d 1209, 1213 (4th Cir. 1979) (*quoting
>   Arnold v. Secretary of HEW*, 567 F.2d 258,
>   259 (4th Cir. 1977)).

*Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

In this action, the ALJ gave Dr. Harris's opinion substantial weight. Nevertheless, he did not adopt all of the Doctor's limitations in fashioning Allen's RFC; as acknowledged by Defendant, the RFC determination was more—and less— restrictive, in different ways, than the limitations suggested by Harris (Doc. 15, p. 5). One difference, Plaintiff's ability to reach, handle, finger, and feel on an occasional versus a frequent basis, was the difference in whether Allen could work or not, according to the VE testimony referenced above.

The Court is aware that the ALJ was not required to adopt all of the limitations suggested by Dr. Harris, but he did have a duty to explain what he rejected and why. *McCloud v. Barnhart*, 166 Fed.App'x 410, 418 (11th Cir. 2006) (*citing Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)) ("The ALJ is required . . . to state with particularity the weight he gives to different medical opinions and the reasons why"). The ALJ has not explained why he gave substantial weight to Dr. Harris's opinions, but rejected some of his conclusions. As such, the Court cannot find that the ALJ's decision is supported

by substantial evidence as it falls short of both *Cowart* and *McCloud*.

In reaching this decision, the Court is not finding that Allen is disabled or that the ALJ's assessment is wrong. The Court merely finds that the ALJ's decision is not supported by the evidence cited. As such, it is not supported by substantial evidence.

Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's ability to work. Judgment will be entered by separate Order.

DONE this 29th day of January, 2016.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE